**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **HSIOUA PING ROLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-23-151-STE** |
| | ) | |
| **KILOLO KIJAKAZI** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of

the final decision of the Commissioner of the Social Security Administration denying

Plaintiff's application for benefits under the Social Security Act. The Commissioner

has answered and filed a transcript of the administrative record (hereinafter TR.

_____). The parties have consented to jurisdiction over this matter by a United States

magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based

on the Court's review of the record and the issues presented, the Court **AFFIRMS**

the Commissioner's decision.

## I.      PROCEDURAL BACKGROUND

On September 24, 2016, Plaintiff applied for disability benefits. (TR. 196-202).

Initially and on reconsideration, the Social Security Administration denied Plaintiff's

application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 57-65). In an Order dated October 17, 2019, the Appeals Council vacated the ALJ's decision, and independently concluded that Plaintiff was not disabled. (TR. 4-17). Plaintiff sought judicial review in federal court, and United States District Judge David L. Russell granted the Commissioner's unopposed Motion to Remand. (TR. 1280-1281).

On remand, a second administrative hearing was held and the Commissioner issued a second unfavorable decision. (TR. 1245-1253). Subsequently, the Appeals Council denied Plaintiff's request for review,[1] making the ALJ's decision the final decision of the Commissioner.

## II.    THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from June 20, 2015 (her alleged onset date) through December 31, 2019 (her date last insured). (TR. 1247). At step two, the ALJ determined Ms. Roland suffered from severe degenerative disc disease of the lumbar, thoracic, and cervical spine. (TR. 1248). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 1249).

---

[1]  (TR. 1227-1230).

At step four, the ALJ concluded that Ms. Roland retained the residual functional capacity (RFC) to:

> lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently; stand or walk six hours in an eight-hour workday with normal breaks; and sit six hours in an eight-hour workday with normal breaks. [footnote omitted]. The work may not include climbing ladders and is limited to occasionally climbing ramps or stairs. Additionally, the work is limited to occasional stooping, kneeling, crouching, or crawling.

(TR. 1250).

With this RFC, the ALJ concluded that Plaintiff was capable of performing her past relevant work (PRW) as a general office clerk and restaurant cashier. (TR. 1252). As a result, the ALJ concluded, at step four, that Plaintiff was not disabled. (TR. 1253).

## III.   ISSUE PRESENTED

On appeal, Ms. Roland alleges error in the ALJ's step four decision.

## IV.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial

evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.    STEP FOUR

At step four of the sequential evaluation process, the ALJ must make specific findings in three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). In phase one, "the ALJ must evaluate a claimant's physical and mental residual functional capacity" by first assessing "the nature and extent of [the claimant's] physical limitations" and "mental impairments. *Id.* at 1023- 24. In phase two, the ALJ must "make findings regarding the physical and mental demands of the claimant's past relevant work." *Id.* at 1024. Finally, in phase three, the ALJ must determine "whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id.* at 1023. The ALJ should make these findings on the record. *Id.* at 1025. Ms. Roland challenges the ALJ's findings at all three phases, but the Court rejects Plaintiff's arguments.

### A.      Phase One

At phase one, the ALJ concluded that Plaintiff retained the RFC to:

lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently; stand or walk six hours in an eight-hour workday with normal breaks; and sit six hours in an eight-hour workday with normal breaks. [footnote omitted]. The work may not include climbing ladders and is limited to occasionally climbing ramps or stairs. Additionally, the work is limited to occasional stooping, kneeling, crouching, or crawling.

(TR. 20). Plaintiff challenges these findings, stating that she is unable to perform the exertional duties set forth in the RFC. (ECF No. 11:7-8). Specifically, Plaintiff states that she cannot bend, lift, or reach; or perform the sitting, walking, standing, squatting, kneeling, and stair climbing required in her PRW which the ALJ stated she could perform. (ECF No. 11:7-8). In support, Plaintiff points to her testimony and function reports completed by herself and her husband, reflecting the same. (ECF No. 11:7). The Court liberally construes Plaintiff's challenge to the RFC as one alleging a lack of substantial evidence, as she makes no argument that the ALJ committed legal error in evaluating the evidence or her testimony and it is not the duty of this Court to scour the record on Plaintiff's behalf. *See, e.g., Tietjen v. Colvin,* 527 F. App'x 705, 709 (10th Cir. 2013) (refusing to address "an unspecific, undeveloped, and unsupported" argument).   The Court rejects Ms. Roland's argument, however, as the RFC is supported by and consistent with opinions from State Agency physicians, Drs. James Metcalf and Matheen Khan. *Compare* TR. 95-96,

5

108-110 (Opinions from Drs. Metcalf and Khan) *with* TR. 1250 (RFC).[2] These

opinions constitute substantial evidence to uphold the RFC. *See Leach v. Astrue*, 470

F. App'x 701, 704, 2012 WL 75962, at *3 (10th Cir. 2012) (affirming district court's

holding that opinions from State Agency physicians provided substantial evidence for

the RFC); *see also Moore-Radcliff v. Berryhill*, No. CIV-17-1173-STE, 2018 WL

2293964, at *5 (W.D. Okla. May 18, 2018) ("the RFC can still be upheld as supported

by substantial evidence if it finds support in the remaining evidence—the opinions of

the State Agency physicians.").

### B.      Phases Two and Three

As stated, phases two and three of step four require the ALJ to make findings

regarding a claimant's PRW and determine whether the claimant could perform the

PRW based on the claimant's particular RFC. *See supra*. Ms. Roland argues that the

ALJ erred at phases two and three by relying only on the VE's testimony and failing

to make specific findings himself. (ECF No. 11:6-8). The Court rejects Plaintiff's

argument.

---

[2] One difference exists between the opinions from Drs. Metcalf and Khan regarding the RFC. In their evaluations, both physicians opined that Plaintiff was limited to "frequent" balancing. *See* TR. 95, 109. But the ALJ found that Plaintiff had no issues in balancing and did not include any related limitations in the RFC. *See* TR. 1250. In doing so, the ALJ relied on Plaintiff's denial of back pain on several occasions, Plaintiff's testimony that she worked part-time, and Ms. Roland's reports of exercising most days. (TR. 1252). Ms. Roland does not specifically challenge this difference or the ALJ's rationales for excluding a balancing limitation in the RFC.

At the administrative hearing, the VE testified regarding Plaintiff's PRW as a restaurant cashier and general office clerk and also testified that with the RFC, Ms. Roland would be capable of performing her PRW. *See* TR. 1273. In the decision, the ALJ made the following findings:

> [The VE] classified the claimant's past work in the following manner: restaurant cashier, *Dictionary of Occupational Titles (DOT)* 311.472-010, as light and unskilled with a specific vocational preparation (SVP) of two; and general office clerk, *DOT* 219.362-010, as light and semiskilled with an SVP of four (*See* Hearing Testimony). The claimant worked as a restaurant cashier from 1996-2004, making wages at SGA levels during this time (Exhibits C16-D; C7-E, page 3; and Hearing Testimony). Additionally, the claimant worked as a general office clerk from 2005-2008 at SGA levels (Exhibits C167-D; and C7-E, page 3). Based on the evidence, the undersigned finds the claimant performed the work as a general office clerk at SGA levels within the last fifteen years for a period long enough to acquire the associated job skills such this is past relevant work. The undersigned also finds the claimant performed work as a restaurant cashier long enough at SGA levels to acquire associated skills, most recently in 2004. This was more than fifteen years before the hearing, but less than fifteen years before the date last insured, so it is properly past relevant work. After discussing the claimant's vocational history, [the VE] testified the demands of the claimant's past work as a general office clerk and restaurant cashier are within her residual functional capacity, both as generally and actually performed (*See* Hearing Testimony).
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds the claimant was able to perform her past relevant work as a general office clerk and restaurant cashier as actually and generally performed. Pursuant to SSR 00-4p, the undersigned finds [the VE's] testimony is consistent with the *DOT*.

(TR. 1252-1253). Ms. Roland challenges the ALJ's discussion, arguing that a proper "analysis" is "entirely missing from the ALJ's decision, leaving it legally deficient."

(ECF No. 11:6). According to Plaintiff, the ALJ erred by "hav[ing] relied solely on the VW's testimony and that testimony itself also failed to adequately evaluate Claimant's past relevant work." (ECF No. 11:8). Ms. Roland states that the ALJ "is required to make clear factual findings on the issue of returning to past relevant work," which she contends was not done in the instant case. (ECF No. 11:6-9). The Court disagrees.

In *Adcock v. Commissioner, SSA*, 748 F. App'x 842, 847 (10th Cir. 2018), the Tenth Circuit Court of Appeals addressed a similar challenge and ultimately upheld the findings of the ALJ. In *Adcock*, the plaintiff argued that the ALJ incorrectly evaluated her ability to perform her past relevant work at step four. Like Ms. Roland, the plaintiff contended that the ALJ did not make the necessary findings to support his conclusion that she could meet the demands of her past work, instead relying solely on the testimony of a VE. *Adcock v. Commissioner, SSA*, 748 F. App'x 842, 846 (10th Cir. 2018). Rejecting the plaintiff's argument, the Tenth Circuit stated:

> The ALJ determined at phase one that Ms. Adcock had the RFC to perform a limited range of light work. Specifically, he found she had moderate difficulties with social functioning that allowed her to have "frequent interactions with supervisors, coworkers, and the public." At phase two, the ALJ was required to make findings regarding the demands of Ms. Adcock's past work. Citing the VE's testimony, the ALJ wrote that Ms. Adcock had previously worked as a bank teller (Dictionary of Occupational Titles (DOT)[ ] ] #211.362-018, light as generally performed, medium as actually performed, Specific Vocational Preparation level (SVP) 5. [The VE] also testified that the claimant has worked as an assistant librarian (DOT #100.367-018[ ] ], light as generally performed, light as actually performed, [SVP] level ... 5.

Last, at phase three, the ALJ was required to determine whether Ms. Adcock could satisfy the demands of her past relevant work given the findings at phases one and two. The ALJ wrote:

> [T]he [VE] testified that if an individual had the claimant's [RFC], such an individual could perform the claimant's past relevant work as a bank teller or an assistant librarian at the exertional level these positions are generally performed. Therefore, the undersigned finds that the claimant could perform her past relevant work as a bank teller as generally performed and as an assistant librarian as generally and actually performed.
>
> Pursuant to [Social Security Ruling] 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

*Id.* at 847 (internal citations omitted).

The Court rejected the plaintiff's argument as "meritless," stating:

The ALJ found at phase one that Ms. Adcock's moderate limitations allowed her to have frequent interactions with supervisors, coworkers, and the public. At phase two, the ALJ cited with approval the VE's testimony concerning the demands of her past work. And at phase three, the ALJ relied on the VE's testimony to conclude that Ms. Adcock could satisfy the demands of her past relevant work with her RFC. We recognize that *Winfrey* cautioned against allowing the ALJ to make the necessary findings at phase one and delegating the remaining step-four findings to the VE. As *Winfrey* explained, "[w]hen ... the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, we are left with nothing to review." But here, the ALJ expressly told the VE that the claimant was limited to frequent interactions with supervisors, coworkers, and the public, and the VE responded that such a claimant

could perform Ms. Adcock's past jobs as a bank teller and an assistant librarian. The ALJ then cited the VE's testimony with approval in the latter phases to support his own findings. The ALJ also confirmed that "the [VE's] testimony [was] consistent with the information contained in the Dictionary of Occupational Titles." Under these circumstances, the ALJ adequately discharged his step four responsibilities. *See Doyal v. Barnhart*, 331 F.3d 758, 760-61 (10th Cir. 2003) (holding that ALJ did not improperly delegate his step four duties to the VE where "he quoted the VE's testimony approvingly, in support of his own findings at phases two and three of the analysis").

*Id.* at 847–48 (internal citations omitted).

Here, as in *Adcock*, the ALJ determined the RFC at phase one of step four, and at phase two, the ALJ approvingly cited the VE's testimony concerning the demands of Ms. Roland's past work. *See supra*. And finally, at phase three, the ALJ relied on the VE's testimony to conclude that Ms. Roland could satisfy the demands of her PRW with her RFC. *See supra*. The ALJ cited the VE's testimony with approval in the latter phases to support his own findings and confirmed that the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles. *See supra*. Under these circumstances and as in *Adcock*, the Court rejects Plaintiff's challenge to the step four findings and affirms the Commissioner's decision.

**ORDER**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge **AFFIRMS** the Commissioner's decision.

ENTERED on October 10, 2023.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE